UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20131-BLOOM

MARLON BRAMWELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF HOMELAND SECURITY, and
IMMIGRATION AND CUSTOM ENFORCEMENT,

    Defendants.
_____/

## ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff Marlon Bramwell's ("Plaintiff") Application to Proceed without Prepayment of Fees and Affidavit, ECF No. [3] ("Motion"), filed on January 7, 2022. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

Fundamental to our conception and system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The privilege of using the federal courts for free to right an individual civil wrong should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp*, 798 F.2d at 437 ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court."); *Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's Motion states that he is unemployed. *See* ECF No. [3] at 1. Plaintiff further states that he has received no money from a business, professions, self-employment, rent payment, interest or other dividends, pensions, annuities, life insurance payment, gifts, inheritance, or any other source. *See id.* at 1-2. He also states that he does not own any cash, has no money in a

checking or savings account, and owns no assets. *See id.* at 2. The Court requires additional financial information to substantiate these claims. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, Plaintiff shall provide the following information to the Court:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) The source of funds to pay for those expenses;

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to a means of transportation owned by someone else;

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year; and,

(8) A list of any other cases showing an indigency-based filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of the court granting the reduction or waiver).

Plaintiff must declare these facts to be true under penalty of perjury. If he does not use a preprinted IFP form to respond, he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Case No. 22-cv-20131-BLOOM

Executed on (date)." 28 U.S.C. § 1746(1).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit a new IFP Motion, subject to the above instructions, on or before **January 25, 2022**. Failure to do so by this date will result in a dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Marlon Bramwell
17 Lantana Way
Elthan Park
Spanish Town
St Catherine, JM
PRO SE